900 F.2d 250
 190 A.M.C. 1216
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BRUZZONE CONSOLIDATION, INC.; Cartiere Riunite Donzelli E
Meridionali S.P.A.; Perkins Goodwin Company,
Inc.; Cartiere Italiane Reunite S.P.A.,
Plaintiffs-Appellees,
v.
MAHER TERMINALS, INC., Defendant-Appellant,
and
M/V Blue Eagle, her engines, boilers, etc.; Otranto
Enterprises, Ltd.; Blue Flag Navigation, Ltd.;
Terminal Corporation, Defendants.
 No. 89-2096.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1990.
Decided March 13, 1990.
Rehearing and Rehearing In Banc Denied April 9, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-85-4530-PN).
 George Joseph Koelzer, Ober, Kaler, Grimes & Shriver, New York City, for appellants.
 M.E. DeOrchis, DeOrchis & Partners, New York City, for appellees.
 Clarkson S. Fisher, Jr., Ober, Kaler, Grimes & Shriver, New York City, for appellants.
 James W. Bartlett, III, Wilson, Elser, Moskowitz, Edelman & Dicker, Baltimore, Md., for appellees.
 D.Md., 713 F.Supp. 146
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Maher Terminals, Inc., a stevedore company, appeals the district court's judgment holding Maher liable for damage caused by Maher's negligent unloading of cargo consigned to Bruzzone Consolidation, Inc.
 
 
 2
 Maher's negligence is well established; several credible eyewitnesses testified to the good condition of the cargo upon the ship's arrival and to the extensive damage to the cargo caused by Maher's haphazard unloading. Maher's main assignment of error is its contention that the damage calculations were speculative because they were based, in part, on price discounts negotiated between Bruzzone and purchasers of the cargo.
 
 
 3
 We find that the damages assessed against Maher were amply supported by the evidence. Maher's other assignments of error lack merit. Maher had an unrestricted opportunity to appraise the damage that it caused. The record supports the district court's finding that Bruzzone reasonably settled with the purchasers of the cargo. We affirm for reasons adequately stated by the district court. Bruzzone Consolidation, Inc. v. M/V Blue Eagle, 713 F.Supp. 146 (D.Md.1989).
 
 AFFIRMED